IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| CHRIS D. LINN | § | | |
| Plaintiff, | § | | |
| | § | CIVIL ACTION NO. 4:19-cv-1354 | |
| v. | § | | |
| | § | JURY | |
| SUMMIT MIDSTREAM PARTNERS, | § | | |
| LLC | § | | |
| Defendant. | § | | |
| | § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Chris D. Linn ("Linn" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Summit Midstream Partners, LLC ("Summit" or "Defendant"), and for cause of action, would show as follows:

## I. INTRODUCTION

1.       This action seeks back pay, front pay, compensatory damages, punitive/liquidated damages, attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for disability discrimination and retaliation suffered by Linn in the course of his employment with Defendant. Linn complains that he was discriminated against regarding the terms and conditions of his employment because of disability, denied a reasonable accommodation, and that he was subsequently retaliated against for engaging in protected activity. Linn demands a jury on all issues triable to a jury.

## II. PARTIES

2.       Linn is a citizen of the United States and is currently a resident of Conroe, Montgomery County, Texas.

Page **1** of **8**

3.      Summit is a Delaware limited liability company with a principal place of business at 1790 Hughes Landing Blvd., Suite 500, The Woodlands, Texas 77380. Defendant regularly conducts business in this judicial district, including in Houston, Texas. Defendant's registered agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## III. JURISDICTION AND VENUE

4.      This action is brought under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, et seq. (ADA/ADAAA) and the Texas Commission on Human Rights Act (Chapter 21, Texas Labor Code or "TCHRA."

5.      The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District.

6.      This Court has jurisdiction over all claims in this action. *See* 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The amount in controversy is within the jurisdictional limits of this Court.

## IV. PROCEDURAL REQUISITES

7.      Linn filed a Charge of Discrimination (the "Charge") against Defendant under Charge Number 460-2018-05660 with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 1, 2018. Per agreement with the agency, the Charge was co-filed with the Texas Workforce Commission Civil Rights Division. In his Charge, Linn asserted that Defendant discriminated against him because of his disability. Specifically, Linn asserted that Defendant failed to engage in any interactive process in providing him with an accommodation, and that it failed to provide any form of accommodation, both in violation of the Americans with Disabilities Act. Linn further asserted that he was subjected to a pattern of harassment by

Defendant (and Defendant's agents/managers) because of his disability and his request for an accommodation. Linn also asserted that Defendant retaliated against him when they terminated his employment for engaging in a protected activity. On February 14, 2019, the EEOC issued a Notice of Right to Sue letter, entitling Linn to file an action in this Court. *See* <u>Exhibit 1</u>**.**

9.     The filing of this lawsuit has been accomplished within ninety (90) days of Linn's receipt of the Notice of Right to Sue letter.

10.     All conditions precedent to filing this cause of action have been met.

## V. FACTS

11.     Linn was hired by Summit on April 23, 2012 as a Gas Controller. He was later reassigned to Measurement Analyst. Linn worked in the Summit office located in The Woodlands, Texas.

12.     On May 1, 2015, Linn had a heart attack after work hours. He spent the weekend in the hospital and returned to work as soon as medically possible. However, due to his heart attack and resulting injury to his heart, he had certain restrictions such as avoiding unnecessary stress and attending cardiac rehab to recover. Summit was aware of both Linn's heart attack, the resulting cardiac condition, and his need for an accommodation and medical rehab.

13.     In June 2015, Linn requested minor changes to his work schedule so that he could attend cardiac rehabilitation as part of his recovery. This request was denied by Summit. Linn offered to work early or work late to cover the absence, but Summit would not allow it. Other employees were permitted these changes to their work schedule. As a result, Linn was unable to complete the cardiac rehab.

14.     In September of 2017 Linn was denied a promotion for a position that he was qualified for. The management position ultimately went to someone who was unfamiliar with the industry and who did not have a disability.

15.     On April 5, 2018, Linn was verbally attacked by a manager (Stacey Brewer) over a project deadline. Brewer was enraged and used profanity. Linn politely requested that he not behave in that manner due to his medical need to avoid stress due to the heart attack. His response was, "whatever, that was years ago." Other employees who were not disabled were not treated in this way.

16.     In addition to Brewer, Summit's Director of Measurement Marc Talamantez also engaged in abusive, threatening behavior toward Linn that he did not exhibit toward Summit employees without a disability.

17.     After the April 5, 2018 incident, Linn reported his concerns about disability discrimination and refusal to provide accommodation (see above) to Summit human resources (HR). Linn met with human resources representatives Mikel Lucas and J.D. Henderson. They informed Linn that they would investigate Linn's report of discrimination. Linn reported the conduct of both Brewer and Talamantez.

18.     Linn met with Mikel again on April 17, 2018 and requested the assistance of HR because Linn did not feel comfortable in his current working situation. He requested a reasonable accommodation from his employer concerning his work location and/or work environment. Specifically, Linn requested a work setting free from the kind of verbal harassment Stacey Brewer and Marc Talamantez were subjecting him to. If need be, this would involve a different or remote work location. Upon information and belief, Summit had granted this type of accommodation before.

19.     On April 19, 2018, just two days after that meeting, Linn's employment was terminated. But for Linn's engaging in a protected activity, his employment would not have been terminated.

20.     Linn has suffered tremendous harm because of Summit's actions including economic loss, mental anguish, and loss of past and future benefits. Linn will also incur attorney's fees and costs in connection with this litigation.

## CAUSES OF ACTION

## VI. DISABILITY DISCRIMINATION UNDER THE ADAAA AND TCHRA

21.     Linn incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

22.     Defendant discriminated against Linn in violation of the ADA, Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), and Chapter 21 of the Texas Labor Code ("TCHRA").

23.     Linn was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of his disability, as that term is defined under the ADA/ADAAA and TCHRA.

24.     Defendant perceived or regarded Linn as being disabled, even though he could perform the essential functions of his job, with or without reasonable accommodation.

25.     Defendant's termination of Linn's employment, subjecting Linn to different terms and conditions of employment, and failing to hire Linn for other positions within the company constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, et seq., and TCHRA.

26.     When Linn requested a reasonable accommodation, Defendant wholly failed to engage in the interactive process as required by ADA/ADAAA.

27.     As a result of Defendant's discriminatory actions, Linn has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Linn. In all probability, Linn will continue to suffer such damages in the future.

28.     Further, Defendant acted with malice or, in the alternative, with reckless indifference to the state and federally protected rights of the Linn.

### VII. RETALIATION UNDER THE ADA/ADAAA AND TCHRA

29.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

30.     Defendant retaliated against Linn in violation of the anti-retaliation provisions of the ADA/ADAAA and TCHRA.

31.     Linn engaged in conduct protected under the ADA/ADAAA and TCHRA. Specifically, when Linn put Defendant on notice of his medical condition; when he requested a reasonable accommodation under the ADAAA; when Linn reported his complaint of discrimination to Summit HR; when he opposed Summit's discriminatory conduct; and when he reported harassment based on disability to HR, Linn engaged in protected conduct.

32.     Linn was subjected to an adverse employment action immediately following his engagement in protected conduct. Specifically, Linn's employment was terminated.

33.     There was a causal link between the protected conduct and the adverse employment action.

### VIII. DAMAGES

34.     As a result of Defendant's conduct, Linn seeks the following relief: (1) back pay, including, but not limited to, his salary, bonuses, and benefits; (2) front pay, including, but not

limited to, his salary, bonuses, and benefits; (3) costs of court and attorneys' fees; (4) damages for mental anguish and emotional distress in the past and future; (5) liquidated and/or punitive damages; and (6) other compensatory damages.

35.     Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Linn's federally protected rights, Linn is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant from this conduct in the future.

### IX. JURY DEMAND

36.     Linn requests a trial by jury on issues triable by a jury in this case.

### X. PRAYER

WHEREFORE, Plaintiff Chris D. Linn respectfully prays that upon final trial hereof, this Court grant his appropriate back pay, including, but not limited to, his salary, bonuses, and benefits; front pay, including his salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive and/or liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.


Dated: April 13, 2019

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
CHRIS D. LINN